RENDERED: JULY 17, 2026; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2024-CA-1106-MR

KAHL FRUGE                                            APPELLANT

                     APPEAL FROM McCRACKEN CIRCUIT COURT
v.                       HONORABLE W. A. KITCHEN, JUDGE
                       ACTION NO. 23-CI-00476

INTEGRITY EXPRESS LOGISTICS,
LLC; AKAL CARGO, INC.;
AMERICAN FUJI SEAL, INC.; AND
RICARDO A. CASTANEDA                             APPELLEES

OPINION AND ORDER
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, McNEILL, AND TAYLOR, JUDGES.

McNEILL, JUDGE: This is a negligence case involving a motor vehicle collision that occurred in McCracken County, Kentucky, in August 2022. The collision involved a tractor trailer driven by Appellee, Ricardo A. Castaneda ("Castaneda"), and a pickup truck driven by Appellant, Kahl Fruge ("Appellant"). On the date of the incident, Castaneda worked for Appellee, Akal Cargo, Inc. ("Akal"). He was

transporting goods supplied by Appellee, American Fuji Seal, Inc. ("Fuji").

Appellee, Integrity Express Logistics, LLC ("Integrity"), facilitated the transport.

Appellant endured serious injuries from the collision.[1]

Appellant filed suit in McCracken Circuit Court alleging various common law and statutory claims against the Appellees in their individual, corporate, and/or vicarious capacities. The court granted Integrity's motion for a judgment on the pleadings. CR[2] 12.03. One such basis was federal preemption. Appellant appeals to this Court as a matter of right. For the following reasons, we reverse and remand primarily because of the United States Supreme Court's decision, rendered during the pendency of this appeal, in *Montgomery v. Caribe Transport II, LLC*, 608 U.S. ___ , 146 S. Ct. 1199 (2026) (reversing and remanding to the United States Court of Appeals for the Seventh Circuit).

**<u>STANDARD OF REVIEW</u>**

A motion for judgment on the pleadings "should be granted if it appears beyond doubt that the nonmoving party cannot prove any set of facts that would entitle him/her to relief." *Mosley v. Arch Specialty Ins. Co.*, 626 S.W.3d 579, 585 (Ky. 2021) (quoting *City of Pioneer Vill. v. Bullitt Cnty. ex rel. Bullitt*

---

[1] Nothing herein is intended to give short shrift to the injuries sustained or the underlying events in any way. However, the alleged facts are of minimal relevance to our purely legal determinations here, and we are cognizant of overstating or overexplaining any item of evidence or legal directive that may instruct the circuit court on remand.

[2] Kentucky Rules of Civil Procedure.

*Fiscal Ct.*, 104 S.W.3d 757, 759 (Ky. 2003)).  Such motions are "based purely on whether the plaintiff has stated a cause of action as a matter of law and do not require or permit the trial court to make any findings of fact."  *Mosley*, 626 S.W.3d at 585 (footnote omitted).  Because a trial court's ruling on a motion for judgment on the pleadings is a question of law, our review is de novo.  *Id.* (footnote omitted).  Accordingly, we afford no deference to the circuit court's decision.  *Id.*  We also interpret statutes without deferring to lower courts' interpretations.  *Wheeler & Clevenger Oil Co., Inc. v. Washburn*, 127 S.W.3d 609, 612 (Ky. 2004).  With this standard in mind, we now turn to the record and law at issue in the present case.[3]

## ANALYSIS

The primary issue on appeal is application of the Federal Aviation Administration Authorization Act (the "Act").[4]  It applies to cargo carriers and brokers.  A "Broker" is an individual or entity who holds itself out as "selling, providing, or arranging for, transportation by motor carrier for compensation."  49 U.S.C. § 13102(2).  A "motor carrier" or "Carrier," is an individual or entity "providing motor vehicle transportation for compensation."  49 U.S.C. §

---

[3]  Before we address the merits of the present case, we must address two pending motions.  The first motion filed on February 6, 2025, requesting leave to file an *amicus* brief and a second motion filed on May 8, 2025, to strike Appellant's reply brief.  Having considered both motions, they are hereby, DENIED.

[4]  49 United States Code ("U.S.C.") § 14501 *et seq.*

13102(14). Critically, the Act prohibits States from "enact[ing] or enforc[ing] a law, regulation, or other provision having the force and effect of law related to a price, route, or service" of any motor carrier or broker "with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). However, that preemption provision "shall not restrict the safety regulatory authority of a State with respect to motor vehicles." 49 U.S.C. § 14501(c)(2)(A). The Act is not entirely clear regarding the application of this "safety exception" to Brokers in particular. Accordingly, Integrity seeks refuge in its claimed status as a Broker.

More precisely, Integrity contends that any potential liability resulting from negligent hiring, or negligence in general, is preempted under the Act. For our purposes, the underlying tort to which our analysis is most relevant is negligent hiring because Appellant pled, *inter alia*, that Integrity was negligent in hiring Akal.[5]

---

[5] "In negligent hiring/retention claims the law imposes a duty upon the employer to use reasonable care in the selection or retention of its employees." *Kendall v. Godbey*, 537 S.W.3d 326, 331 (Ky. App. 2017) (citing *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705 (Ky. 2009)).

> Under the theory of negligent hiring/retention, the employer's liability may only be predicated upon its own negligence in failing to exercise reasonable care in the selection or retention of its employees. *Id.* at 732. Thus, the focus is on the employer's conduct and requires that the traditional negligence elements of a negligence claim be established—duty, breach, and consequent injury. *Grubbs ex rel. Grubbs v. Barbourville Family Health Center, P.S.C.*, 120 S.W.3d 682, 687 (Ky. 2003).

*Id.* at 331.

The circuit court agreed and granted a judgment on the pleadings based on the following: 1) Integrity was a Broker; and 2) the claims alleged against Integrity were preempted under the Act. On this issue, however, the federal circuit courts are divided. *Compare Ye v. GlobalTranz Enterprises, Inc.*, 74 F.4th 453, 456 (7th Cir. 2023) (holding that the Act preempts negligent hiring claim), *with Cox v. Total Quality Logistics, LLC*, 142 F.4th 847, 853–58 (6th Cir. 2025) (holding that the Act does NOT preempt negligent hiring claims). To resolve this circuit "split," the Supreme Court of the United States granted certiorari in *Montgomery v. Caribe Transp. II, LLC*, 146 S. Ct. 79 (Oct. 3, 2025). After additional briefing by the parties, we ordered the present case be held in abeyance pending the Supreme Court's decision in *Montgomery*.

The Supreme Court rendered its unanimous opinion in that case, holding that the Act does not preempt state law negligent hiring claims against Brokers. *Montgomery v. Caribe Transp. II, LLC*, 608 U.S. ___ , 146 S. Ct. 1199 (May 14, 2026). More precisely, the Court reasoned that the Act's safety exception applies and therefore, the Act did not preempt Montgomery's state law negligent hiring claims brought against C.H. Robinson Worldwide, a transportation

broker.  Pursuant to U.S. Sup. Ct. R. 45(3),[6] we reverse the circuit court's judgment based on federal preemption.[7]

Several matters remain unresolved: 1) whether Integrity is a Broker or a Carrier; 2) whether the circuit court erred in finding as a matter of law that Integrity is not vicariously liable for the acts and omissions of its alleged agent— Akal; and 3) whether *Montgomery* should be construed broadly to apply to all state common law torts concerning motor vehicles.  This includes direct and vicarious negligence claims.  Each remaining matter will be discussed in turn.

### *Broker v. Carrier*

"Under federal law, a person may only provide transportation as a motor carrier or services as a broker (subject to 49 U.S.C. § 13501) if that person is registered to provide such transportation or services."  *Ortiz v. Ben Strong Trucking, Inc.*, 624 F. Supp. 3d 567, 578–79 (citing 49 U.S.C. § 13901(a)).  "A defendant may be either a motor carrier or a broker, but it cannot be both in the same transaction."  *Id*. at 579.  The complaint in the present case cites to a bill of lading which identifies Integrity as the "Carrier Name."  It is undisputed that Integrity holds dual registration as broker and carrier.  However, pursuant to the

---

[6]  Rules of the Supreme Court of the United States.

[7]  We commend the circuit court and the parties' exceptional work in addressing a difficult issue with the most relevant law available at the time.

authority previously cited, both cannot be true in this instance. The bill of lading, along with other potentially discoverable evidence, may instruct whether Integrity was acting as a Carrier or a Broker.[8] Based on the foregoing, this issue was prematurely decided.

***Vicarious Liability***

A party's status as an employee or an independent contractor "is a question of law if the facts below are substantially undisputed, and is a question of fact if the facts are disputed." *Uninsured Employers' Fund v. Garland*, 805 S.W.2d 116, 117 (Ky. 1991). As to the merits, it is well-established that "[a]n individual is the agent of another if the principal has the power or responsibility to control the method, manner, and details of the agent's work." *Nazar v. Branham*, 291 S.W.3d 599, 606–07 (Ky. 2009), *as modified on denial of reh'g* (Aug. 27, 2009). Appellant's complaint provides a recitation of vicarious liability commensurate with our pleading standard. CR 8.01. Therefore, in consideration of the foregoing unresolved issues—and out of an abundance of caution—we also reverse the circuit court on this issue as prematurely decided.

---

[8] The circuit court correctly observed that the court's focus is on "the specific transaction at issue." *Jenkins v. Est. of Garmon by Garmon*, Nos. 2020-CA-0173-MR, 2020-CA-0174-MR, 2023 WL 5312169, at \*10 (Ky. App. Aug. 18, 2023) (citing *Schramm v. Foster*, 341 F. Supp. 2d 536, 548 (D. Md. 2004)). We reference this unpublished case only because it was cited by the circuit court in its order denying Appellant's motion to reconsider the court's judgment on the pleadings. There appears to be an absence of published Kentucky case law on this specific issue.

*Montgomery*

Like the application of the Act itself, the Supremacy Clause of the United States Constitution also requires that we apply *Montgomery*'s interpretation of the Act. U.S. CONST. art. VI, cl. 2. However, we are obliged only to apply its narrow holding: a Kentucky common law negligent hiring claim is not preempted by the Act. We also emphasize *Montgomery*'s central reasoning as highly instructive:

> Requiring C.H. Robinson to exercise ordinary care in selecting a carrier therefore "concerns" motor vehicles— most obviously, the trucks that will transport the goods. So Montgomery's negligent-hiring claim falls within the [Act's] safety exception, which saves it from preemption.

*Montgomery*, 146 S. Ct. at 1205. Unless or until the Kentucky Supreme Court or the United States Supreme Court direct otherwise, this case shall proceed on the merits.

## CONCLUSION

For the foregoing reason, the McCracken Circuit Court's judgment on the pleadings is REVERSED. We REMAND this case for further proceedings consistent with this decision and *Montgomery*.


ALL CONCUR.

ENTERED: _____07/17/2026_____

HON. J. CHRISTOPHER McNEILL
JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT:

Jay R. Vaughn
Fort Mitchell, Kentucky

Kevin C. Burke
Jamie K. Neal
Louisville, Kentucky

Mariano J. Barvie', *pro hac vice*
Gulfport, Mississippi

BRIEF FOR APPELLEE
AMERICAN FUJI SEAL, INC.:

Matthew B. Gay
Robert E. Stopher
Louisville, Kentucky

BRIEFS FOR APPELLEE
INTEGRITY EXPRESS LOGISTICS,
LLC:

Gene F. Zipperle, Jr
C. Michael Van Sickle
Louisville, Kentucky